**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY W. EMMERT, DBA Emmert Development Company, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CLACKAMAS COUNTY, <br><br> Defendant-Appellee. | No. 17-35482 <br><br> D.C. No. 3:13-cv-01317-HZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 4, 2019
Portland, Oregon

Before: GRABER and BERZON, Circuit Judges, and TUNHEIM,** Chief District
Judge.

Terry W. Emmert owns properties in Clackamas County near the site of a

recently developed highway called the Sunrise Corridor. In 2014, Emmert filed a

lawsuit against the County, alleging that the County interfered with his property

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

rights and defrauded him. Between 2014 and 2017, the district court adjudicated motions to dismiss on each of Emmert's five complaints. The court dismissed Emmert's first four complaints, with leave to amend at least some of the pleaded causes of action. When adjudicating Emmert's fifth complaint, the district court dismissed Emmert's only remaining federal claim, a claim under the Fifth Amendment's Takings Clause, with prejudice and without leave to amend. The court then declined to exercise supplemental jurisdiction over Emmert's remaining state-law claim, a claim under the Oregon Constitution's Takings Clause. Emmert now appeals the district court's resolution of four of the claims he raised in his lawsuit.

1. We affirm the dismissal of Emmert's federal Takings Clause claim. Under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, a Fifth Amendment regulatory takings claim is not ripe for adjudication "until the government entity charged with [the regulatory taking] . . . has reached a final decision" with regard to the property at issue. 473 U.S. 172, 186 (1985). Emmert has not plausibly alleged any action by the County that is ripe for adjudication as an uncompensated taking.[1] For example, Emmert alleges that

---

[1] Under current law, the federal Takings Clause claim fails for the additional reason that Emmert did not avail himself of Oregon's state-law mechanism for seeking just compensation before bringing his federal Takings Clause claim. *Williamson Cty.*, 473 U.S. at 194-95.

County "staff explained to . . . interested buyers that the 142nd Ave. East Properties could not be purchased because a freeway was going to be built through the middle of the Properties."  But the allegation that County staff provided this advice does not plausibly allege that the County officially "reached a final decision" to preclude any private sale of this property.  *Id.*

With respect to one property, Emmert alleges that the County "interfered with Emmert's efforts to lease spaces to potential tenants by refusing to grant potential tenants' occupancy permits."  The decision to disapprove of some uses does not constitute a regulatory taking where "the property owners had not sought approval for any other plan," because it is not clear whether the County "would deny approval for all uses that would enable [Emmert] to derive economic benefit from the property."  *Id.* at 187.  Emmert also alleges that the County "refused to allow any construction on" this property until Emmert "first complet[ed] a comprehensive plan."  But, "a challenge to the application of a zoning ordinance [is] not ripe [where] the property owners ha[ve] not yet submitted a plan for development of their property."  *Id.* (citing *Agins v. Tiburon*, 447 U.S. 255, 260 (1980)).  Similarly, here, the claim that the County's efforts to limit construction constitutes an uncompensated taking is unripe, because Emmert did not submit a comprehensive plan for development.

Finally, Emmert alleges that the County indicated that it would buy certain

properties from him but ultimately decided against purchasing the land. An indication that the County would buy a property is not a final action by the County. And a decision by the County not to buy property cannot constitute a regulatory taking, because it does not prevent Emmet from "deriv[ing] economic benefit from the property." *Id.*

2. Emmert has waived his claim under the Equal Protection Clause. The district court dismissed this claim from Emmert's second complaint with leave to amend. Emmert subsequently repleaded this claim in his third complaint. Emmert then voluntarily removed the claim from the proposed complaint that he attached to his motion seeking leave to file a fourth complaint. This decision constituted waiver. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135-36 (9th Cir. 1997) (en banc).

3. The district court reasonably declined to exercise supplemental jurisdiction over the remaining state-law claim when it dismissed his final complaint, as all federal claims had at that point been dismissed on the pleadings. *See, e.g.*, *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). Before dismissing all the federal claims, the district court dismissed on the merits a state-law fraud claim. We decline to review that dismissal, as we interpret the district court's reasonable decision to decline to exercise supplemental jurisdiction

4

once all the federal issues were dismissed as necessarily including the state-law fraud claim, were it to be revived.

**AFFIRMED.**